# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO: 08-213 |
| CANDACE WILSON | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Candace Wilson's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. #309) is **DENIED**.

## BACKGROUND

This matter is before the court on defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.

On April 1, 2009, Wilson pleaded guilty to Counts 1, 16 and 17 of the Indictment. Count 1 charged her with conspiracy to distribute and dispense controlled substances in violation of 21 U.S.C. §§ 841 and 846. Count 16 charged her with conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 1347 and 1349. Count 17 charged her with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956 and 1957. Wilson's plea was entered pursuant to a signed plea agreement which set forth that the convictions for Counts 1 and 17 each carried maximum penalties of twenty years imprisonment, and the conviction for Count 16 carried a maximum penalty of ten years imprisonment. In the plea agreement, Wilson agreed to waive her right to contest her sentence under § 2255, except on the grounds that she can establish that ineffective assistance of counsel directly affected the validity of her waiver of her appeal or collateral challenge rights or the validity of the guilty plea itself. Wilson also signed a factual basis in which she stipulated to the facts upon which the government would have relied to prove her guilt at trial.

On February 24, 2011, the Court sentenced Wilson to serve 151 months in the custody of the Bureau of Prisons as to Counts 1 and 17, and 120 months as to Count 16, to run concurrently. Neither Wilson nor the government filed a Notice of Appeal with the United States Court of Appeals for the Fifth Circuit.

On May 20, 2014, Wilson filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside or correct her sentence arguing that she received ineffective assistance of counsel because her counsel failed to properly investigate the law and facts applicable to the case, failed to negotiate for counts to be dismissed, failed to challenge the presentence investigation report, failed to highlight her substantial assistance at sentencing, failed to explain the waiver of rights in the plea agreement, and failed to file an appeal.[1] Wilson acknowledges that her § 2255 motion is untimely, but argues that "[i]t took [her] a long while to understand that [her] rights had been violated[,]" and that she did not have access to legal research materials from December 2010 through March 2012 while she was in "county facilities."

**ANALYSIS**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the court that imposed her sentence to vacate, set aside, or correct the sentence. "Section 2255 provides the primary means of collateral attack on a federal sentence [and] [r]elief under this section is warranted for any error that 'occurred at or prior to sentencing.'" Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). Section 2255(f)

---

[1] "Under the mailbox rule, pro se prisoner filings are deemed filed as soon as they are deposited into the prison mail system." United States v. Nyamaharo, 514 Fed. Appx. 479 (5th Cir. 2013). Wilson signed her § 2255 motion on May 20, 2014. Thus, it is deemed filed on that date.

provides that a one year statute of limitations applies to § 2255 motions. The limitations period runs from the latest of –

>   (1) the date on which the judgment of conviction became final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[2]; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As to subsection 1, if the petitioner did not file an effective notice of appeal, her conviction becomes final upon the expiration of the period for filing a notice of direct appeal. United States v. Plascencia, 537 F.3d 385 (5th Cir. 2008). Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure provides that a defendant in a criminal case must file a notice of appeal within 14 days after the later of the entry of either the judgment or order being appealed or the government's notice of appeal.

Wilson was sentenced on February 24, 2011, and no appeal was filed. Thus, her conviction became final on March 10, 2011. Wilson did not file her § 2255 motion until more three years later, on May 20, 2014. Therefore, it is untimely under § 2255(f)(1). There are no allegations that support the application of either § 2255(f)(2) or § 2255(f)(3). Further, there are no allegations that support the conclusion that Wilson, even if excising due diligence, could not have discovered the facts

---

[2] Subsections 2 and 3 do not apply to this matter.

3

supporting her claims that her counsel was ineffective until three years after her conviction became final.  Therefore, Wilson's § 2255 motion is untimely.

Further, Wilson is not entitled to equitable tolling.  A movant under § 2255 is "entitled to equitable tolling only if [s]he shows (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstances stood in [her] way and prevented timely filing." <u>United States v. Jackson</u>, 470 Fed. Appx. 324 (5th Cir. 2012) (citations and quotations omitted).  This standard requires "reasonable diligence, not maximum feasible diligence." <u>Id.</u> (citations and quotations omitted).  "Equitable tolling is permissible only in rare exceptional circumstances," and is not extended "to instances of excusable neglect." <u>Id.</u> (citations and quotations omitted).  "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." <u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999).

Wilson has not provided any information that would justify equitable tolling.  There is no evidence that she was reasonably diligent in pursuing her rights because it took her three years to file the §2255 motion.  Further, her lack of legal knowledge does not justify equitable tolling.  <u>See</u> <u>Fisher</u>, 174 F.3d at 714.  Therefore, Wilson's § 2255 motion is DENIED as untimely.

## CONCLUSION

**IT IS HEREBY ORDERED** that Candace Wilson's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. #309) is **DENIED**.

New Orleans, Louisiana, this 17th day of September, 2014.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**